B 201 (04/09/06)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.
3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

Deanna L. Aguinaga_____                          _____   3/14/08
Printed Name of Attorney                               Signature of Attorney         Date

Address:

**Aguinaga, Serrano & Low**
**340 N. Lake Street**
**Second Floor**
**Aurora, IL 60506**

**(630) 844-8781**

### Certificate of the Debtor

I , the debtor, affirm that I have received and read this notice.

**Mellany Rosales**_____            X _Mellany Rosales_____        3/14/08
Printed Name of Debtor                       Mellany Rosales                Date
                                             Signature of Debtor

Case No. (if known) _____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE | ) | Chapter   7 |
| | ) | Bankruptcy Case No. |
| **Mellany Rosales** | ) | |
| | ) | |
| Debtor(s) | ) | |

## DECLARATION REGARDING ELECTRONIC FILING
### Signed by Debtor(s) or Corporate Representative
### To Be Used When Filing over the Internet

PART I - DECLARATION OF PETITIONER                    Date: _3/14/08_
A.        To be completed in all cases.

      I **Mellany Rosales**, the undersigned debtor, corporate officer, partner, or member, hereby declare under penalty of perjury that the information I have given my attorney, including correct social security number and the information provided in the electronically filed petition, statements, schedules, and if applicable, application to pay filing fee in installments, is true and correct. I consent to my attorney sending the petition, statements, schedules, and this DECLARATION to the United States Bankruptcy Court. I understand that this DECLARATION must be filed with the Clerk in addition to the petition. I understand that failure to file this DECLARATION will cause this case to be dismissed pursuant to 11 U.S.C. sections 707(a) and 105.

B.        To be checked and applicable only if the petitioner is an individual (or individuals) whose debts are primarily consumer debts and who has (or have) chosen to file under chapter 7.

    ☑        I am aware that I may proceed under chapter 7, 11, 12, or 13 of Title 11 United States Code; I understand the relief available under each such chapter; I choose to proceed under chapter 7; and I request relief in accordance with chapter 7.

C.        To be checked and applicable only if the petition is a corporation, partnership, or limited liability entity.

    ❑        I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in the petition.

Signature: _Mellany Rosales_
**Mellany Rosales**
(Debtor or Corporate Officer, Partner or Member)

**Official Form 1, Exhibit D (10/06)**

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re:   **Mellany Rosales** _____      Case No. _____
        Debtor                                                       (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]* _____ _____

_____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

**Official Form 1, Exh. D (10/06) – Cont.**

❏  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _Mellany Rosales_

**Mellany Rosales**

Date: _3/14/08_

Certificate Number: 00252-ILN-CC-003503269

# CERTIFICATE OF COUNSELING

I CERTIFY that on March 4, 2008 , at 9:02 o'clock PM EST ,

Mellany Rosales received from

Institute for Financial Literacy, Inc. ,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Northern District of Illinois , an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared . If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone .

Date: March 4, 2008          By     /s/Carlene Harper

                             Name   Carlene Harper

                             Title  Credit Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. See 11 U.S.C. §§ 109(h) and 521(b).

Emergency Treatment, SC
900 Jorie Blvd
Suite 220
Oak Brook, IL 60523


American General Finance
866 N. Lake Street
Aurora, IL 60506-3141


American Medical Collection Agency
2269 S Saw Mill River Road
Bldg 3
Elmsford, NY 10523


AmSher Collection Service
600 Beacon Pkwy W
Suite 300
Birmingham, AL 35209-3120


AT&T
3000 Corporate Exchange Drive
Columbus, OH 43231-7689


Aurora Emergency Associates
Dept 20-6002
PO Box 5990
Carol Stream, IL 60197


Aurora Radiology Consultants
520 E. 22nd Street
Lombard, IL 60148


Comcast
PO box 802068
Dallas, TX 75380-2068


Credit Protection Association, LP
13355 Noel Rd
Dallas, TX 75240

Creditors Collection Bureau, Inc
PO Box 63
kankakee, IL 60901-0063

Delnor Community Hospital
Mail Processing Center
PO Box 739
Moline, IL 61266-0739

Discover Financial
12 Reads Way
New Castle, DE 19720-1649

Diversified Service Group
5800 E Thomas Road
Suite 107
Scottsdale, AZ 85251

Emergency Treatment, SC
900 Jorie Blvd
Suite 220
Oak Brook, IL 60523

Great American Finance Company
205 West Wacker Drive
Suite 322
Chicago, IL 60606

Harvard Collection Services, Inc
4839 N. Elston Ave
Chicago, IL 60630-2534

High Risk Obstetrics & Diagnostics
PO Box 6051
Rockford, IL 61125

KCA Financial Services Inc
628 North Street
PO Box 53
Geneva, IL 60134

Key Financial Services LLC
PO Box 6216
Madison, WI 53716-0216


Laboratory & Pathology Diagnostics, LLC
Department 4387
Carol Stream, IL 60122-4387


Laboratory Physicians LLC
PO Box 10200
Peoria, IL 61612-0200


Northwestern University
Student Financial Services
555 Clak Street
Evanston, IL 60208


Nuvell Credit Company LLC
Box 2365
Memphis TN 38101-2365


OSF St Anthony Medical Center
5666 E State Street
Rockford, IL 61108-2472


T-Mobile
PO Box 37380
Albuquerque, NM 87176-7380


Provena Mercy Medical Center
2870 Stoner Court
Suite 300
North Liberty, IA 52317


Provena Mercy Medical Center
1325 N. Highland Ave
Aurora, IL 60506

Quest Diagnostics
1355 Mittel Blvd
Attention: Patient Billing
Wood Dale, IL 60191-1024


Rockford Mercantile Agency, Inc
2502 S Alpine Road
Rockford, IL 61108


Rush Copley Memorial Hospital
2000 Ogden Avenue
Aurora, IL 60504


Sallie Mae
PO Box 9500
Wilkes Barre, PA 18773-9500


The Payday Loan Store of Illinois
1261 N. Lake Street
Suite K
Aurora, IL 60506


Tri City Radiology SC
9410 Compubill Drive
Orland Park, IL 60462-4690


Wells Fargo Auto Finance
PO Box 29704
Phoenix, AZ 85038-9704

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS

In Re:                                        Bankruptcy Case Number: _____

**Mellany Rosales**


## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:  **35** _____


The above named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.


Dated:  **3/14/2008** _____        **s/ Mellany Rosales** _____
                                              **Mellany Rosales**
                                                            Debtor

| United States Bankruptcy Court<br>Northern District of Illinois | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Rosales, Mellany,** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **2560** | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**638 Iroquois Drive**<br>**Aurora, IL**<br>ZIP CODE **60506** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**kane** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.) | **Nature of Debts**<br>(Check one box)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."   ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Mellany Rosales** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed:   **NONE** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X   **/s/Deanna L. Aguinaga**     **3/14/2008** <br> _____ <br> Signature of Attorney for Debtor(s)    Date <br> **Deanna L. Aguinaga**     **6228728** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐   Yes, and Exhibit C is attached and made a part of this petition. |
| ☑   No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** (Check any applicable box) |
|---|
| ☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District. |
| ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** (Check all applicable boxes.) |
|---|
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following). |
| _____ <br> (Name of landlord that obtained judgment) <br><br> _____ <br> (Address of landlord) |
| ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Mellany Rosales** |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only **one** box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

X **s/ Mellany Rosales**
Signature of Debtor    **Mellany Rosales**

X **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)
**3/14/2008**
Date

X **Not Applicable**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

---

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|

X **/s/Deanna L. Aguinaga**
Signature of Attorney for Debtor(s)

**Deanna L. Aguinaga  Bar No.  6228728**
Printed Name of Attorney for Debtor(s) / Bar No.

**Aguinaga, Serrano & Low**
Firm Name

**340 N. Lake Street Second Floor**

Address

**Aurora, IL 60506**

**(630) 844-8781**                **(630) 844-8789**
Telephone Number

**3/14/2008**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X **Not Applicable**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

| **Signature of Debtor (Corporation/Partnership)** |
|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

**B6A (Official Form 6A) (12/07)**

In re: **Mellany Rosales**                                    Case No. _____
_____,                              _____
                        **Debtor**                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | $     0.00 | $     0.00 |
| | | Total ➤ | $     0.00 | |
| | | | (Report also on Summary of Schedules.) | |

B6B (Official Form 6B) (12/07)

In re **Mellany Rosales** _____,   Case No. _____

Debtor                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash** | | **50.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account at Citibank** | | **500.00** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Savings account at Citibank** | | **5.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Bed, Television, children's furniture** | | **900.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Coats clothing & shoes of debtor** | | **300.00** |
| 7. Furs and jewelry. | | **wedding ring** | | **150.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re   **Mellany Rosales**_____,     Case No. _____
                          **Debtor**                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | | **638 Iroquois Drive Aurora, IL  60506 Interest in rent to own agreeement $2,000 nonrefundable fee given** | | **225,000.00** |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2005 Chrysler Town & Country 19000 miles** | | **11,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

**B6B (Official Form 6B) (12/07) -- Cont.**

In re   **Mellany Rosales**                                                    ,          Case No. _____

                                        **Debtor**                                                                (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | __2__  continuation sheets attached | Total  ⌐ | **$ 237,905.00** |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**B6C (Official Form 6C) (12/07)**

In re  **Mellany Rosales**                                                    Case No. _____
                                        Debtor                                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                               $136,875
  ☐ 11 U.S.C. § 522(b)(2)
  ☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 2005 Chrysler Town & Country 19000 miles | 735 ILCS 5/12-1001(c) | 2,400.00 | 11,000.00 |
| Bed, Television, children's furniture | 735 ILCS 5/12-1001(b) | 900.00 | 900.00 |
| Cash | 735 ILCS 5/12-1001(b) | 50.00 | 50.00 |
| Checking account at Citibank | 735 ILCS 5/12-1001(b) | 500.00 | 500.00 |
| Coats clothing & shoes of debtor | 735 ILCS 5/12-1001(a),(e) | 300.00 | 300.00 |
| Savings account at Citibank | 735 ILCS 5/12-1001(b) | 5.00 | 5.00 |
| wedding ring | 735 ILCS 5/12-1001(b) | 150.00 | 150.00 |

B6D (Official Form 6D) (12/07)

In re  **Mellany Rosales**                                                    .                Case No.  _____

                     **Debtor**                                                                                              **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐　　Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  502-3740994370-9001 | | | | | | | 18,975.72 | 7,975.72 |
| **Wells Fargo Auto Finance** <br> **PO Box 29704** <br> **Phoenix, AZ 85038-9704** | | | **Non-Purchase Money Security Agreement** <br> **2005 Chrysler Town & Country** <br> **19000 miles** <br><br> **VALUE $11,000.00** | | | | | |

<u>0</u>    continuation sheets
     attached

|  | | | | Subtotal ➤ <br> (Total of this page) | | | | $  18,975.72 | $  7,975.72 |
|---|---|---|---|---|---|---|---|---|---|
|  | | | | Total ➤ <br> (Use only on last page) | | | | $  18,975.72 | $  7,975.72 |

(Report also on Summary of Schedules)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (12/07)

In re  **Mellany Rosales**                                          Case No. _____
_____                                                    (If known)
                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑  **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑  **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑  **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑  **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑  **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑  **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

❑  **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑  **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑  **Claims for Death or Personal Injury  While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  **continuation sheets attached**

**B6E (Official Form 6E) (12/07) – Cont.**

In re **Mellany Rosales**                                                                        Case No. _____

_____                                                              (If known)
                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of
Creditors Holding Priority Claims

|  | | |
|---|---|---|
| Subtotals➤ (Totals of this page) | $ **0.00** | $ **0.00** $ **0.00** |
| Total ➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **0.00** | |
| Total ➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ **0.00** $ **0.00** |

B6F (Official Form 6F) (12/07)

In re  **Mellany Rosales**                                          Case No. _____

                          Debtor                                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   18219520 <br><br> **American General Finance** <br> **866 N. Lake Street** <br> **Aurora, IL 60506-3141** | | | **10/2007 personal loan** | | | | 2,101.92 |
| ACCOUNT NO.   4643835036 <br><br> **American Medical Collection Agency** <br> **2269 S Saw Mill River Road** <br> **Bldg 3** <br> **Elmsford, NY 10523** | | | **Quest Diagnostics Incorporated incurred 7/2/2007** | | | | 281.82 |
| ACCOUNT NO.   7923193 <br><br> **AmSher Collection Service** <br> **600 Beacon Pkwy W** <br> **Suite 300** <br> **Birmingham, AL 35209-3120** | | | **NOTICE ONLY** <br> **Collection for T-Mobile acct 422169993** | | | | 0.00 |
| ACCOUNT NO.   4977XXXX <br><br> **AT&T** <br> **3000 Corporate Exchange Drive** <br> **Columbus, OH 43231-7689** | | | **Telephone service** | | | | 103.00 |
| ACCOUNT NO.   22-654271-01-04 <br><br> **Aurora Emergency Associates** <br> **Dept 20-6002** <br> **PO Box 5990** <br> **Carol Stream, IL 60197** | | | **medical services** | | | | 469.79 |

        6   Continuation sheets attached

                                                                    Subtotal ➤  $        **2,956.53**

                                                                    Total ➤  $

                                                    (Use only on last page of the completed Schedule F.)
                                           (Report also on Summary of Schedules and, if applicable on the Statistical
                                                    Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Mellany Rosales**
_____
Debtor

Case No. _____
(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **016-1-000914433  & 016-1-000**  **Aurora Radiology Consultants** **520 E. 22nd Street** **Lombard, IL 60148** | | | **medical services for Mellany Rosales on 7/5/2007 and Evan Seals on 10/2007** | | | | 255.00 |
| ACCOUNT NO.  **125297XXXX**  **Comcast** **PO box 802068** **Dallas, TX 75380-2068** | | | **Cable Services incurred 2005** | | | | 133.00 |
| ACCOUNT NO.  **01-020000-8798200690178061**  **Credit Protection Association, LP** **13355 Noel Rd** **Dallas, TX 75240** | | | **Collection account debtor believes is for medical services** | | | | 133.43 |
| ACCOUNT NO.  **and 2486051**  **Creditors Collection Bureau, Inc** **PO Box 63** **kankakee, IL 60901-0063** | | | **NOTICE ONLY** **Collection for Provena Mercy Medical Center** | | | | 0.00 |
| ACCOUNT NO.  **V013649280 and V014538128**  **Delnor Community Hospital** **Mail Processing Center** **PO Box 739** **Moline, IL 61266-0739** | | | **Medical services accounts as follows V013649280 and V014538128 and 014902423  and V014497895 and V014585533 and V013999909 and V014486971 and V014417216** | | | | 739.72 |

Sheet no.  1  of 6 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  >  $                1,261.15

Total  >  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re **Mellany Rosales** _____     Case No. _____
                                    Debtor                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Discover Financial**<br>**12 Reads Way**<br>**New Castle, DE 19720-1649** | | | Old credit card account, does not show on credit report but client is being contacted by collections | | | | 350.00 |
| ACCOUNT NO.   **K38035 and C50814**<br><br>**Diversified Service Group**<br>**5800 E Thomas Road**<br>**Suite 107**<br>**Scottsdale, AZ 85251** | | | **NOTICE ONLY**<br>**Collection for Rush Copley Memorial Hospital for medical services incurred** | | | | 0.00 |
| ACCOUNT NO.   **83359-150624**<br><br>**Emergency Treatment, SC**<br>**900 Jorie Blvd**<br>**Suite 220**<br>**Oak Brook, IL 60523** | | | **Medical treatement for Jaslyn Reese on 4/27/2007** | | | | 182.24 |
| ACCOUNT NO.   **72847-150642 and -125964**<br><br>**Emergency Treatment, SC**<br>**900 Jorie Blvd**<br>**Suite 220**<br>**Oak Brook, IL 60523** | | | **medical treatement for Evan Seals on 4/27/2007** | | | | 364.48 |
| ACCOUNT NO.   **729704**<br><br>**Great American Finance Company**<br>**205 West Wacker Drive**<br>**Suite 322**<br>**Chicago, IL 60606** | | | **2005 purchase of bed & mattress** | | | | 95.00 |

Sheet no. _2_ of _6_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $                991.72

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Mellany Rosales**                                   Case No. _____

                                   Debtor                                           (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **10125632**<br><br>**Harvard Collection Services, Inc**<br>**4839 N. Elston Ave**<br>**Chicago, IL 60630-2534** | | | **NOTICE ONLY**<br>**Collection of Laboratory & Pathology Diagnostics, LLC** | | | | 0.00 |
| ACCOUNT NO.  **HRO 4971**<br><br>**High Risk Obstetrics & Diagnostics**<br>**PO Box 6051**<br>**Rockford, IL 61125** | | | **medical services incurred 7/2007 for Mellany Rosales** | | | | 314.70 |
| ACCOUNT NO.  **V013649280 and V013999909**<br><br>**KCA Financial Services Inc**<br>**628 North Street**<br>**PO Box 53**<br>**Geneva, IL 60134** | | | **NOTICE ONLY**<br>**Collection for Delnor Community Hospital** | | | | 75.00 |
| ACCOUNT NO.  **190921**<br><br>**Key Financial Services LLC**<br>**PO Box 6216**<br>**Madison, WI 53716-0216** | | | **NOTICE ONLY**<br>**Collection for High Risk Obstetrics** | | | | 0.00 |
| ACCOUNT NO.  **208 451141.1**<br><br>**Laboratory & Pathology Diagnostics, LLC**<br>**Department 4387**<br>**Carol Stream, IL 60122-4387** | | | **Medical treatement incurred 7/2006 for Evan Seals** | | | | 138.63 |

Sheet no. _3_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  ➤  $                          528.33

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Mellany Rosales**                                      Case No. _____
                    Debtor                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Laboratory Physicians LLC** <br> **PO Box 10200** <br> **Peoria, IL 61612-0200** | | | **Medical services for Mellany Rosales inncureed 7/2/2007 for 0080376LPL and LPL 80376 and LPL 132701** | | | | 110.00 |
| ACCOUNT NO.  **801 69 9099** <br><br> **Northwestern University** <br> **Student Financial Services** <br> **555 Clak Street** <br> **Evanston, IL 60208** | | | **Educational Loan** | | | | 5,000.00 |
| ACCOUNT NO.  **051536015875** <br><br> **Nuvell Credit Company LLC** <br> **Box 2365** <br> **Memphis TN 38101-2365** | | | **2005 Impala 37000 miles, basic model repossesed February, 2008** | | | | 24,834.90 |
| ACCOUNT NO.  **G35713** <br><br> **OSF St Anthony Medical Center** <br> **5666 E State Street** <br> **Rockford, IL 61108-2472** | | | **Medical services** | | | | 273.00 |
| ACCOUNT NO.  **V8783352 & V8925133** <br><br> **Provena Mercy Medical Center** <br> **1325 N. Highland Ave** <br> **Aurora, IL 60506** | | | **Medical services incurred 8/2006 and 9/2007 for Mellany Rosales** | | | | 100.00 |

Sheet no.  4 of 6 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $     30,317.90

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Mellany Rosales**                                          Case No. _____
_____
                        **Debtor**                                                      **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **V8891199,8925126,8917546** <br><br> **Provena Mercy Medical Center** <br> **2870 Stoner Court** <br> **Suite 300** <br> **North Liberty, IA 52317** | | | **Ultrasound in 7/2007 & medical services 9/07** | | | | 100.00 |
| ACCOUNT NO.   **4643835036** <br><br> **Quest Diagnostics** <br> **1355 Mittel Blvd** <br> **Attention: Patient Billing** <br> **Wood Dale, IL 60191-1024** | | | **Laboratory work 7/2007** | | | | 281.82 |
| ACCOUNT NO.   **X79904** <br><br> **Rockford Mercantile Agency, Inc** <br> **2502 S Alpine Road** <br> **Rockford, IL 61108** | | | **NOTICE ONLY** <br> **Collection for OSF St Anthony Medical Center** | | | | 0.00 |
| ACCOUNT NO.   **25573502 & 24985103 & 2557** <br><br> **Rush Copley Memorial Hospital** <br> **2000 Ogden Avenue** <br> **Aurora, IL 60504** | | | **Medical services for Evan Seals incurred 3/14/2007 and 10/2006** | | | | 503.00 |
| ACCOUNT NO.   **9588942814-1** <br><br> **Sallie Mae** <br> **PO Box 9500** <br> **Wilkes Barre, PA 18773-9500** | | | **Student loans incurred in 2002** | | | | 29,680.57 |

Sheet no. _5_ of _6_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $   **30,565.39**

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Mellany Rosales**                                                     Case No. _____
                                    **Debtor**                                                    **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **CL15-299770024** <br><br> **The Payday Loan Store of Illinois** <br> **1261 N. Lake Street** <br> **Suite K** <br> **Aurora, IL 60506** | | | **personal loan incurred 12/2007** | | | | 1,427.00 |
| ACCOUNT NO.  **422169993** <br><br> **T-Mobile** <br> **PO Box 37380** <br> **Albuquerque, NM 87176-7380** | | | **Cellular telephone service incurred for early termination fees 2005-2007** | | | | 788.80 |
| ACCOUNT NO.  **T368661A** <br><br> **Tri City Radiology SC** <br> **9410 Compubill Drive** <br> **Orland Park, IL 60462-4690** | | | **medical services insurred 7/2007 for Mellany Rosales** | | | | 169.80 |

Sheet no.  6 of 6 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $                2,385.60

Total  ➤  $                69,006.62

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re: __Mellany Rosales_____,        Case No. _____
                                    **Debtor**                                    **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **E Cary Gimber**<br>**779 Tinley Drive**<br>**Aurora, IL 60506** | **Residential lease from May 1, 2007 to April 30, 2009  No security deposit monthly rent 1,600.00** |
| **Henrietta Murray**<br>**638 Iroquois Drive**<br>**Aurora, IL 60506** | **co-leasee for residence** |

**B6H (Official Form 6H) (12/07)**

In re: **Mellany Rosales** _____.     Case No. _____
                    **Debtor**                                                        **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

B6I (Official Form 6I) (12/07)

In re **Mellany Rosales**                                    Case No. _____
                    Debtor                                                (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| | **daughter** | **8** |
| | **son** | **6** |
| | **son** | **1** |
| | **son** | |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Marketing** | **unemployed** |
| Name of Employer | **Aspen Marketing** | |
| How long employed | **6 years** | |
| Address of Employer | **1240 North Ave**<br>**West Chicago,IL 60185** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | **4,833.34** | $ | **0.00** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| 3. SUBTOTAL | $ | **4,833.34** | $ | **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | **1,085.00** | $ | **0.00** |
| b. Insurance | $ | **193.00** | $ | **0.00** |
| c. Union dues | $ | **0.00** | $ | **0.00** |
| d. Other (Specify) _____ | $ | **0.00** | $ | **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **1,278.00** | $ | **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **3,555.34** | $ | **0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | **0.00** | $ | **0.00** |
| 11. Social security or other government assistance (Specify) | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ | **0.00** |
| 13. Other monthly income (Specify) _____ | $ | **0.00** | $ | **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **0.00** | $ | **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **3,555.34** | $ | **0.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | **$ 3,555.34** | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

**B6I (Official Form 6I) (12/07) - Cont.**

**In re** **Mellany Rosales**                                                    **Case No.** _____

                                              **Debtor**                                                              **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**NONE** _____

_____

B6J (Official Form 6J) (12/07)

In re **Mellany Rosales** _____,   Case No. _____
                          Debtor                                    (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 800.00 |
|    a. Are real estate taxes included?   Yes _____ No ✓ | | |
|    b. Is property insurance included?   Yes _____ No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 200.00 |
|    b. Water and sewer | $ | 90.00 |
|    c. Telephone | $ | 65.00 |
|    d. Other **Prepaid wireless service** | $ | 90.00 |
|      **Trash** | $ | 50.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 450.00 |
| 5. Clothing | $ | 40.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 50.00 |
| 8. Transportation (not including car payments) | $ | 280.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 20.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | 0.00 |
|    b. Life | $ | 0.00 |
|    c. Health | $ | 0.00 |
|    d. Auto | $ | 62.00 |
|    e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | 333.00 |
|    b. Other **Student Loans** | $ | 210.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **Daycare/preschool** | $ | 660.00 |
|    **Personal Care, Diapers,** | $ | 150.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,550.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|    a. Average monthly income from Line 15 of Schedule I | $ | 3,555.34 |
|    b. Average monthly expenses from Line 18 above | $ | 3,550.00 |
|    c. Monthly net income (a. minus b.) | $ | 5.34 |

**B6 Summary (Official Form 6 - Summary) (12/07)**

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Mellany Rosales**_____,
Debtor

Case No. _____

Chapter   _7_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $        0.00 | | |
| B - Personal Property | YES | 3 | $     237.905.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $     18.975.72 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $        0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $     69.006.62 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $     3.555.34 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $     3.550.00 |
| TOTAL | | 20 | $     237,905.00 | $     87,982.34 | |

**B6 Declaration (Official Form 6 - Declaration) (12/07)**

In re **Mellany Rosales** _____     Case No. _____
_____
                                         **Debtor**                                                      **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**22**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **3/14/2008** _____     Signature: **s/ Mellany Rosales** _____
                                                                  **Mellany Rosales**
                                                                                      Debtor
                                                 [If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

### (NOT  APPLICABLE)

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

B7 (Official Form 7) (12/07)

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re:  **Mellany Rosales**                                                ,      Case No. _____

_____
Debtor                                                                              (If known)

# STATEMENT OF FINANCIAL AFFAIRS

---

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 53,798.00 | **Mellany Rosales-Aspen Marketing and Jose Rosales Taco Bell Corp** | **2006** |
| 54,179.00 | **Aspen Marketing** | **2007** |
| 10,132.86 | **Aspen Marketing** | **2008** |

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

### 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.   Suits and administrative proceedings, executions, garnishments and attachments

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATIO | STATUS OR DISPOSITION |
|---|---|---|---|

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.   Repossessions, foreclosures and returns

None ☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Nuvell Credit Company**<br>**Box 2365**<br>**Memphis, TN 38101-2365** | **02/27/2008** | **2005 Chevy Impala with 37,000 miles, basic model** |

## 6. Assignments and receiverships

None ☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7. Gifts

None ☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRES OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

## 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

## 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Aguinaga, Serrano & Low** **340 N. Lake Street** **Second Floor** **Aurora, IL 60506** | **2/2008** | **$1,500.00** |
| **Inistitute for Financial Literacy** | credit counseling | 50.00 |

## 10. Other transfers

None
☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR INTEREST IN PROPERTY |
|---|---|---|

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITOR | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

5

## 14.  Property held for another person

None

☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15.  Prior address of debtor

None

☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **820 Beaumont Drive<br>Naperville, IL 60540** | **Mellany Rosales** | **until 07/01/06** |
| **297 Gregory Street<br>Apt 12<br>Aurora, IL 60504** | **Mellay Rosales** | **7/1/06 to 7/1/07** |

## 16.  Spouses and Former Spouses

None

☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None

☑

a.     List  the  name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

☑

b.     List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑   c.   List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None ☑   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☑   b.   Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

* * * * * *

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **3/14/2008**

Signature of Debtor   **s/ Mellany Rosales**
**Mellany Rosales**

Form 8
(10/05)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re:  **Mellany Rosales**                                            Case No. _____

_____                      Chapter   **7**
Debtor

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☐  I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐  I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☐  I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 1.  **2005 Chrysler Town & Country 19000 miles** | **Wells Fargo Auto Finance** | | | | **X** |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| 1. **Residential lease from May 1, 2007 to April 30, 2009  No security deposit monthly rent 1,600.00** | **E Cary Gimber** | **X** |
| 2. **co-leasee for residence** | **Henrietta Murray** | **X** |

**s/ Mellany Rosales**         3/14/2008
_____
**Mellany Rosales**
Signature of Debtor                Date

B21 (Official Form 21) (12/07)

# STATEMENT OF SOCIAL-SECURITY NUMBER OR
# INDIVIDUAL TAXPAYER-IDENTIFICATION NUMBER (ITIN)

## UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re **Mellany Rosales**, Debtor                                    )       Case No. _____
                                                                     )       Chapter      **7**
Address:  **638 Iroquois Drive**                                     )
          **Aurora, IL 60506**                                       )
                                                                     )
_____                            )
                                                                     )
Last four digits of Social-Security or Individual Taxpayer-          )
Identification (ITIN) No(s).,(if any):  **2560**_____       )
Employer Tax-Identification (EIN) No(s).(if any):                    )
_____                            )
                                                                     )

## STATEMENT OF SOCIAL-SECURITY NUMBER(S)
## (or other Individual Taxpayer-Identification Number(s) (ITIN(s)))

1. Name of Debtor (Last, First, Middle): **Rosales, Mellany,**_____

   *(Check the appropriate box and, if applicable, provide the required information.)*

   ☑ Debtor has a Social-Security Number and it is: __**351**__ - __**70**__ - __**2560**__

   *(If more than one, state all.)*

   ☐ Debtor does not have a Social-Security Number but has an Individual Taxpayer-Identification
      Number (ITIN), and it is: _____

   *(if more than one, state all. )*

   ☐ Debtor does not have either a Social-Security Number or an Individual Taxpayer-Identification
      Number (ITIN).

2. Name of Joint Debtor (Last, First, Middle): _____

   *(Check the appropriate box and, if applicable, provide the required information.)*

   ☐ Joint Debtor has a Social-Security Number and it is: _____ - _____ - _____

   *(If more than one, state all.)*

   ☐ Joint Debtor does not have a Social-Security Number but has an Individual Taxpayer-Identification
      Number (ITIN), and it is:_____.

   *(if more than one, state all. )*

   ☐ Joint Debtor does not have either a Social-Security Number or an Individual Taxpayer-Identification
      Number (ITIN).

   I declare under penalty of perjury that the foregoing is true and correct.

   X **s/ Mellany Rosales**_____                **3/14/2008**_____

   **Mellany Rosales**
   Signature of Debtor                                       Date

---

*Joint debtors must provide information for both spouses.*
Penalty for making a false statement: Fine of up to $250,000 or up to 5 years imprisonment or both. 18 U.S.C. §§
152 and 3571.

B22A (Official Form 22A) (Chapter 7) (01/08)

| In re | **Mellany Rosales** | According to the calculations required by this statement: |
|---|---|---|
| | Debtor(s) | ☐ **The presumption arises** |
| Case Number: | | ☒ **The presumption does not arise** |
| | (If known) | (Check the box as directed in Parts I, III, and VI of this statement.) |

## CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
## AND MEANS-TEST CALCULATION

In addition to Schedule I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

| | **Part I. EXCLUSION FOR DISABLED VETERANS AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |

| | **Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION** | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☒ Married, not filing jointly, without the declaration of separate households set out in line 2.b above. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.** | | |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A Debtor's Income** | **Column B Spouse's Income** |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $4,307.99 | $0.00 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | |

| | | |
|---|---|---|
| a. | Gross Receipts | $ 0.00 |
| b. | Ordinary and necessary business expenses | $ 0.00 |
| c. | Business income | Subtract Line b from Line a |

| | | **$0.00** | **$0.00** |
|---|---|---|---|

**Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. **Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**

**B22A (Official Form 22A) (Chapter 7) (01/08)**                                    2

| 5 | a. | Gross Receipts | $ 0.00 | $0.00 | $0.00 |
|---|----|----|----|----|----|
|   | b. | Ordinary and necessary operating expenses | $ 0.00 | | |
|   | c. | Rent and other real property income | Subtract Line b from Line a | | |

| 6 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
|---|---|---|---|

| 7 | **Pension and retirement income.** | $0.00 | $0.00 |
|---|---|---|---|

| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $0.00 | $0.00 |
|---|---|---|---|

| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act     Debtor $ _____   Spouse $ _____ | $ | $ |
|---|---|---|---|

| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a. _____  $ _____<br>Total and enter on Line 10. | $0.00 | $0.00 |
|---|---|---|---|

| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 thru 10 in Column B. Enter the total(s). | $4,307.99 | $0.00 |
|---|---|---|---|

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $  4,307.99 |
|---|---|---|

## Part III.  APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $51,695.88 |
|---|---|---|

| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:  IL_____      b. Enter debtor's household size:  **6**_____ | $91,434.00 |
|---|---|---|

| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br><br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |
|---|---|

**Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15).**

| | **Part IV.  CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)** | |
|---|---|---|
| 16 | Enter the amount from Line 12. | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. <br><br> a. _____ $_____ <br><br> Total and enter on Line 17 . | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

| | **Part V. CALCULATION OF DEDUCTIONS FROM INCOME** | |
|---|---|---|
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | |
| 19A | **National Standards: food, clothing and other items**. Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | $ |

| Household members under 65 years of age | | Household members 65 years of age or older | |
|---|---|---|---|
| a1. Allowance per member | | a2. Allowance per member | |
| b1. Number of members | | b2. Number of members | |
| c1. Subtotal | | c2. Subtotal | |

| | | |
|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by home, if any, as stated in Line 42. | $ | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a | $ |

**B22A (Official Form 22A) (Chapter 7) (01/08)** 4

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0 ☐ 1 ☐ 2 or more.<br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☐ 1 ☐ 2 or more.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42.</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a</td></tr></table> | $ |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a</td></tr></table> | $ |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes. social security taxes. and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |

**B22A (Official Form 22A) (Chapter 7) (01/08)**                                          5

| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
|---|---|---|
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service— such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

| **Subpart B: Additional Living Expense Deductions** |
|---|
| **Note: Do not include any expenses that you have listed in Lines 19-32** |

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <table><tr><td>a.</td><td>Health Insurance</td><td>$</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr></table> Total and enter on Line 34 **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ _____ | $ |
|---|---|---|
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs**. Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

B22A (Official Form 22A) (Chapter 7) (01/08)                                                                                    6

| | | |
|---|---|---|
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | $ |

**Subpart C: Deductions for Debt Payment**

| | | |
|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines a, b and c | $ |

| | | |
|---|---|---|
| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| | | Total: Add Lines a, b and c | $ |

| | | |
|---|---|---|
| 44 | **Payments on prepetition priority claims**. Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |

| | | |
|---|---|---|
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |

| | | | |
|---|---|---|---|
| 45 | a. | Projected average monthly Chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| | | |
|---|---|---|
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |

**Subpart D: Total Deductions from Income**

| | | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

**B22A (Official Form 22A) (Chapter 7) (01/08)**                                                                 7

| | Part VI.  DETERMINATION OF § 707(b)(2) PRESUMPTION | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>❑ **The amount on Line 51 is less than $6,575** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>❑ **The amount set forth on Line 51 is more than $10,950.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>❑ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>❑ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>❑ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

| | Part VII.  ADDITIONAL EXPENSE CLAIMS | |
|---|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| Expense Description | Monthly Amount |
|---|---|
| Total: Add Lines a, b, and c | $ |

| | Part VIII:  VERIFICATION | |
|---|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date:  **3/14/2008**          Signature:  **s/ Mellany Rosales**<br>                                                        **Mellany Rosales,** (Debtor) | |

B 203
(12/94)

### UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re:   **Mellany Rosales**                                                    Case No. _____

Chapter   **7** _____

                    Debtor

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                          $           **1,500.00**

   Prior to the filing of this statement I have received               $           **1,500.00**

   Balance Due                                                         $                **0.00**

2. The source of compensation paid to me was:

   ☐  Debtor              ☐  Other (specify)

3. The source of compensation to be paid to me is:

   ☐  Debtor              ☐  Other (specify)

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)   [Other provisions as needed]
        **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:
        **None**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **3/14/2008** _____

                              **/s/Deanna L. Aguinaga** _____
                              **Deanna L. Aguinaga, Bar No.  6228728**

                              **Aguinaga, Serrano & Low**
                              Attorney for Debtor(s)

**Earning Statement**

ADP

ASPEN MARKETING SERVICES, INC.
1240 NORTH AVENUE
WEST CHICAGO IL 60185

| | |
|---|---|
| Period Beginning: | 01/16/2008 |
| Period Ending: | 01/31/2008 |
| Pay Date: | 01/31/2008 |

00000000672

**MELLANY R ROSALES**
**638 IROQUOIS DR.**
**AURORA, IL 60506**

Taxable Marital Status:    Single
Exemptions/Allowances:
  Federal:          3
  IL:               3

Social Security Number: XXX-XX-2560

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Reg | 2416.67 | 86.67 | 2,416.67 | 4,833.34 |
| Gross Pay | | | $2,416.67 | 4,833.34 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -297.29 | 594.58 |
| | Social Security Tax | -144.00 | 288.01 |
| | Medicare Tax | -33.68 | 67.36 |
| | IL State Income Tax | -62.18 | 124.36 |
| | **Other** | | |
| | Check | -1,782.91 | |
| | Dental | -19.00* | 38.00 |
| | Health | -75.00* | 150.00 |
| | Universal Life | -2.61 | 5.22 |
| | **Net Pay** | **$0.00** | |

* **Excluded from federal taxable wages**

Your federal taxable wages this period are
$2,322.67

© 1999, 2006, ADP, Inc. All Rights Reserved.

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

ASPEN MARKETING SERVICES, INC.
1240 NORTH AVENUE
WEST CHICAGO IL 60185

| | |
|---|---|
| Advice number: | 00000050672 |
| Pay date: | 01/31/2008 |

THIS IS NOT A CHECK

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MELLANY R ROSALES | 0212859857 | 2710 7080 | $1,782.91 |

JPMorgan Chase Bank, N.A.

VOID AFTER 180 DAYS

**NON-NEGOTIABLE**

CO.    FILE    DEPT.    CLOCK    VCHR. NO.    080
8YV    100463  223250              0070751  1

# Earnings Statement

**ADP**

ASPEN MARKETING SERVICES, INC.
1240 NORTH AVENUE
WEST CHICAGO IL 60185

| | |
|---|---|
| Period Beginning: | 02/01/2008 |
| Period Ending: | 02/15/2008 |
| Pay Date: | 02/15/2008 |

00000000751

**MELLANY R ROSALES**
**638 IROQUOIS DR.**
**AURORA, IL 60506**

Taxable Marital Status:    Single
Exemptions/Allowances:
    Federal:    3
    IL:    3

Social Security Number: XXX-XX-2560

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Reg | 2416.67 | 86.67 | 2,416.67 | 7,250.01 |
| **Gross Pay** | | | **$2,416.67** | 7,250.01 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -297.29 | 891.87 |
| | Social Security Tax | -144.01 | 432.02 |
| | Medicare Tax | -33.68 | 101.04 |
| | IL State Income Tax | -62.18 | 186.54 |
| | **Other** | | |
| | Check | -1,782.90 | |
| | Dental | -19.00* | 57.00 |
| | Health | -75.00* | 225.00 |
| | Universal Life | -2.61 | 7.83 |
| | **Net Pay** | | **$0.00** |

**\* Excluded from federal taxable wages**

Your federal taxable wages this period are
$2,322.67

© 1998, 2006, ADP, Inc. All Rights Reserved.

© 2000 ADP, Inc.

▼ TEAR HERE

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

ASPEN MARKETING SERVICES, INC.
1240 NORTH AVENUE
WEST CHICAGO IL 60185

| | |
|---|---|
| **Advice number:** | 00000070751 |
| **Pay date:** | 02/15/2008 |

**THIS IS NOT A CHECK**

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| **MELLANY R ROSALES** | 0212859857 | 2710 7080 | $1,782.90 |

**JPMorgan Chase Bank, N.A.**

VOID AFTER 180 DAYS

**NON-NEGOTIABLE**

CO.  FILE  DEPT.  CLOCK  VCHR. NO.  080
ADV  160480  398950    00090653

# Earning Statement

**ADP**®

ASPEN MARKETING SERVICES, INC.
1240 NORTH AVENUE
WEST CHICAGO IL 60185

| | |
|---|---|
| Period Beginning: | 02/16/2008 |
| Period Ending: | 02/29/2008 |
| Pay Date: | 02/29/2008 |

00000000653

**MELLANY R ROSALES**
**638 IROQUOIS DR.**
**AURORA, IL 60506**

Taxable Marital Status:  Single
Exemptions/Allowances:
  Federal:  3
  IL:  3

Social Security Number: XXX-XX-2560

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Reg | 2416.67 | 86.67 | 2,416.67 | 9,666.68 |
| Bonus | | | | 466.18 |
| **Gross Pay** | | | **$2,416.67** | 10,132.86 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -297.29 | 1,305.69 |
| | Social Security Tax | -144.01 | 604.93 |
| | Medicare Tax | -33.67 | 141.47 |
| | IL State Income Tax | -62.18 | 262.71 |
| | **Other** | | |
| | Check | -1,782.91 | |
| | Dental | -19.00* | 76.00 |
| | Health | -75.00* | 300.00 |
| | Universal Life | -2.61 | 10.44 |
| | **Net Pay** | **$0.00** | |

* Excluded from federal taxable wages

Your federal taxable wages this period are
$2,322.67

©1990A  2005. ADP Inc. All Rights Reserved.

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

ASPEN MARKETING SERVICES, INC
1240 NORTH AVENUE
WEST CHICAGO IL 60185

| | |
|---|---|
| Advice number: | 00000090653 |
| Pay date: | 02/29/2008 |

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MELLANY R ROSALES | 0212859857 | 2710 7080 | $1,782.91 |

THIS IS NOT A CHECK

VOID AFTER 180 DAYS

JPMorgan Chase Bank, N.A.

**NON-NEGOTIABLE**